# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5033 | DATE | OCTOBER 30, 2003 |
| CASE TITLE | DANIEL TATAR v. TRANS UNION, L.L.C., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to transfer venue [8-2] is denied.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | OCT 31 2003 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | 10/30/2003 date mailed notice |
| cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mgm mailing initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL TATAR,                          )
                                       )
            Plaintiff,                 )
                                       )
       v.                              )   No. 03 C 5033
                                       )
TRANS UNION L.L.C., BUSEY BANK,        )
URBANA, and AT&T DIRECT BILLED         )
CARD,                                  )
                                       )
            Defendants.                )

## MEMORANDUM OPINION AND ORDER

This case involves alleged misreporting of credit information regarding plaintiff Daniel Tatar. One named defendant is Busey Bank,[1] where plaintiff had an account that he allegedly closed and paid in full in 1999, but for which negative credit information was thereafter reported. According to information provided by Busey Bank, the account was an overdrawn checking account which plaintiff paid in full shortly after the account was closed in 1999. Another named defendant is AT&T Corp.[2] Plaintiff alleges he never had an AT&T Direct Billed Card, but negative credit information about such a card has been

---

[1] Plaintiff misnamed this defendant as Busey Bank Urbana.

[2] Plaintiff misnamed this defendant as AT&T Direct Billed Card.

reported. The other named defendant is Trans Union, L.L.C., a credit reporting agency which has reported the allegedly incorrect information that was provided by the other two defendants.

The complaint contains four counts. Count One is a claim that Trans Union violated the Fair Credit Reporting Act ("FCRA") in that it failed to properly investigate and correct the erroneously reported information after being informed by plaintiff, in violation of 15 U.S.C. §§ 1681i(a)-(c). Count Two is a state law defamation claim against Trans Union based on the allegedly erroneous credit reports. Count III is an FCRA claim against Busey Bank alleging that it violated 15 U.S.C. § 1681s(2)(b) by failing to adequately investigate and correct the allegedly erroneous report regarding the account at Busey Bank. Count Four is an FCRA claim against AT&T alleging that it violated 15 U.S.C. § 1681s(2)(b) by failing to adequately investigate and correct the allegedly erroneous report regarding the Direct Billed Card.

Busey Bank is located in Champaign County, Illinois. Busey Bank moves to transfer the case to the Central District of Illinois, primarily based on the fact that it is located there and any records about the account are located there. AT&T has joined in the motion. Plaintiff opposes the motion. Trans Union has not taken a position on the motion.

Busey Bank contends that plaintiff lived in Champaign County at the time the account was open and also contends that any witnesses with information about the account, other than plaintiff, would likely be current or former employees who reside in or near Champaign County. No specific witnesses are identified. Plaintiff presently resides in the Northern District of Illinois. Defendant Trans Union apparently has its principal place of business in the Northern District of Illinois. See Individual Reference Services Group, Inc. v. Federal Trade Commission, 145 F. Supp. 2d 6, 13-14 (D.D.C. 2001), aff'd sub nom., Trans Union LLC v. Federal Trade Commission, 295 F.3d 42 (D.C. Cir. 2002). AT&T apparently has its principal place of business in New Jersey. See Bryceland v. AT&T Corp., 122 F. Supp. 2d 703, 710 n.7 (N.D. Tex. 2000).

There is no dispute that venue is proper in both this district and the Central District of Illinois. Therefore, it must be considered whether the conveniences of the parties and the witnesses and the interests of justice justify transferring this case to the Central District. See 28 U.S.C. § 1404(a); Heston v. Equifax Credit Information Services, 2003 WL 22243986 *1 (N.D. Ill. Sept. 26, 2003). "A plaintiff's choice of forum is entitled to substantial weight under Section 1404(a), particularly where it is also the plaintiff's home forum. Indeed, a plaintiff's choice of forum should rarely be disturbed

unless the balance weighs strongly in the defendant's favor." Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin, L.L.C., 2003 WL 22382999 *3 (N.D. Ill. Oct. 16, 2003) (quoting Vandeveld v. Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). Accord In re National Presto Industries, Inc., ___ F.3d ___, 2003 WL 22389815 *1 (7th Cir. Oct. 21, 2003). However, where the operative facts have little connection to the forum, the plaintiff's choice is given less weight. Heston, 2003 WL 22243986 at *1; Alberding Estate Administration Trust ex rel. Moore v. Vinoy Park Hotel Co., 2003 WL 22176072 *2 (N.D. Ill. Sept. 15, 2003). "The movant bears the burden of proving, by reference to particular facts and circumstances, that the transferee forum is 'clearly more convenient.'" Clear Channel, 2003 WL 22382999 at *3 (quoting Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989)); Tong v. Direct Trading Corp., 2003 WL 22282466 *3 (N.D. Ill. Oct. 1, 2003). Both private and public interests must be considered. Private interests that are considered include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) conveniences for the parties; and (5) conveniences for the witnesses. Clear Channel, 2003 WL 22382999 at *3; Heston, 2003 WL 22243986 at *1; United Air Lines, Inc. v. Mesa Airlines, Inc., 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Public interests take into account the interests of

justice and include: (1) the speed of the proceeding; (2) the court's familiarity with applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. Clear Channel, 2003 WL 22382999 at *3; Amoco Oil Corp. v. Mobile Oil Corp., 90 F. Supp. 2d 958, 963 (N.D. Ill. 2000).

Here Busey Bank has not made an adequate showing that the Central District is the more appropriate district. Busey Bank contends that the central events occurred in Champaign County where the focus of discovery will be. First, Busey Bank ignores that only some of plaintiff's claims concern the account that was at Busey Bank. There is nothing to indicate that the misreported Direct Billed Card account has any relation to Champaign County. Neither Busey Bank, nor AT&T, indicates where the records regarding that transaction are kept. Furthermore, even as to the Busey Bank account, some records concerning the credit report may be stored at Trans Union facilities in Chicago. Additionally, plaintiff claims he was damaged by effects on fees he currently pays for a credit card, expenses of contesting the report, and emotional distress, none of which likely center in Champaign County. Moreover, credit reports are national (or even global) in scope, not limited to the source of the alleged misinformation. See Heston, 2003 WL 22243986 at *1. Even as to any discovery that may be taken in Champaign County, there is

nothing to indicate that any paper documents are voluminous nor is there anything to indicate that a substantial number of bank employees will need to be deposed. Busey Bank does not identify any particular witnesses that will need to be deposed or testify at trial. Any possibility that a needed trial witness will be a former employee not subject to being subpoenaed in the Northern District of Illinois is purely speculative. No showing has been made that the private interests even favor a transfer to the Central District, let alone that they clearly favor such a transfer.

There is also no showing that the public interests favor a transfer. There is nothing to indicate that there is any greater experience with FCRA cases in the Central District than in the Northern District.[3] According to 2002 court management statistics provided on the Judiciary's website (http://156.119.80.10/Statistics/Federal_Court_Management_Statistics/cmsd2002.html), the average time from filing to disposition of civil cases is 5.5 months in the Northern District and 7.5 months in the Central District. For both districts, the average time from a civil case filing to trial is 26.0 months. These

---

[3]Plaintiff speculates that, being located in a large metropolitan area with a number of financial service companies and Trans Union's headquarters, the Northern District would have more experience with FCRA cases than the Central District. Plaintiff, however, does not point to any statistics supporting that speculation.

statistics do not support that speed of disposition would favor a transfer to the Central District. Last, the Central District has no more significant interest in the enforcement of the FCRA regarding a bank in its district than this district has concerning a resident of this district and a credit reporting agency located in this district. The public interests do not favor a transfer to the Central District of Illinois.

IT IS THEREFORE ORDERED that defendants' motion to transfer venue [8-2] is denied.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 30, 2003